```
              UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GURMEET SINGH DHINSA,             :   CASE NO. 3:12-CV-0912
                                  :
          Petitioner              :   (Judge Nealon)
                                  :
     v.                           :   (Magistrate Judge Smyser)
                                  :
                                  :
H.L. HUFFORD,                     :
                                  :
          Respondent              :
```

**REPORT AND RECOMMENDATION**


In this 28 U.S.C. § 2241 habeas corpus petition, the petitioner is challenging his criminal conviction.  We recommend that the petition be transferred to the United States District Court for the Eastern District of New York.


The petitioner was convicted in the United States District Court for the Eastern District of New York of multiple crimes including two counts of obstruction-of-justice murder in violation of 18 U.S.C. § 1512(a)(1)(C). *United States v. Dhinsa,* 243 F.3d 635, 642 (2d Cir. 2001).  He was sentenced to multiple terms of life imprisonment. *Id.*  The United States Court of Appeals for the Second Circuit affirmed the conviction

and sentence except as to three counts other than the obstruction-of-justice murder counts. *Id.* at 677-78.

In 2002, the petitioner filed a motion under 28 U.S.C. § 2255 to vacate or set aside his conviction. *See Doc. 7-1* at 6-9 (docket sheet from the United States District Court for the Eastern District of New York - 1:02-CV-06156- ERK).  The court denied that petition. *Id.*  The United States Court of Appeals for the Second Circuit dismissed the appeal of that denial. *Id.*

On May 26, 2011, the United States Supreme Court decided *Fowler v. United States,* 131 S.Ct. 2045 (2011)(holding that under 18 U.S.C. § 1512(a)(1)(C), which makes it a crime "to kill another person, with intent to . . . prevent the communication by any person to a law enforcement officer . . . of the United States" of "information relating to the . . . possible commission of a Federal offense," the government must show that there was a reasonable likelihood that the relevant communication would have been made to a federal officer).

On May 16, 2012, the petitioner filed the current petition for a writ of habeas corpus.

A federal prisoner generally must use 28 U.S.C. § 2255 to collaterally attack his conviction or sentence on constitutional grounds. *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002). He "can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention." *Manna v. Schultz,* 454 Fed.Appx. 31, 33 (3d Cir. 2010).

A motion under § 2255 is inadequate or ineffective only if "'some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971)(quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping

3

requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative" *Id.* at 538.

A § 2255 motion may be inadequate or ineffective where the prisoner is imprisoned for conduct that the Supreme Court later determines is not criminal and where the prisoner did not have an opportunity to raise his claim in a § 2255 motion. *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997).

The petitioner contends that Section 2255 is inadequate because under the Supreme Court's interpretation of 18 U.S.C. § 1512(a)(1)(C) in *Fowler, supra,* he is imprisoned for conduct that the Supreme Court has determined is not criminal and because he did not have an opportunity to raise his claim in a § 2255 motion because *Fowler* had not been decided at the time he filed his 2255 motion.

The respondent, without explicitly asserting that Section 2255 is inadequate such that a Section 2241 habeas

4

corpus petition is appropriate, argues that this case should be transferred to the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. 1404(a). The respondent asserts that the record and witnesses relative to the petitioner's conviction and *Fowler* claim are located in the Eastern District of New York. The respondent also asserts that the sentencing court is familiar with the circumstances surrounding the original conviction and may have greater flexibility in shaping any potential new sentence.

     28 U.S.C. § 2241(a) provides that the writ of habeas corpus may be granted by the court within its respective jurisdiction. The respondent asserts that by requesting the transfer the government is waiving that territorial jurisdiction rule.

     The petitioner does not oppose the transfer provided that the transfer is without prejudice to him reinstating this action in this court or filing a new petition in any new district of confinement if the sentencing court denies or dismisses the petition for lack of jurisdiction.

5

Although the respondent did not explicitly assert that Section 2255 is inadequate such that a Section 2241 habeas corpus petition is appropriate in this case, it is implicit in the respondent's request to transfer that the respondent thinks the petitioner's *Fowler* claim can be presented by way of a 28 U.S.C. § 2241 habeas corpus petition. And given that the government has indicated that it is waiving personal jurisdiction and venue objections to having the petition decided in the Eastern District of New York, we will recommend that the petition be transferred.

Based on the foregoing, it is recommended that the petition for writ of habeas corpus be transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court of the Eastern District of New York without prejudice to the petitioner's ability to reinstate the petition should the Eastern District of New York deny or dismiss the petition for lack of jurisdiction.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: July 3, 2012.

6